SIMON WESTRA v. THE ESTATE OF JANET WESTRA,
DECEASED.

*Practice in circuit court—Charge to jury—Requests—Appeal—
Husband and wife—Contract—Estates of deceased per-
sons—Commissioners on claims—Plead-
ing—Set-off.*

1. Where the circuit judge, in his oral charge, correctly states the law applicable to the case, it is not error to refuse specific requests; citing *Shearer v. Middleton*, 88 Mich. 621; *People v. Hubbard*, 92 Id. 322, 326; *Stevens v. Pendleton*, 94 Id. 405; *Ellis v. Whitehead*, 95 Id. 115.[1]

2. Where the record does not purport to set forth all of the evidence bearing upon a certain question, it will be assumed that there was sufficient in the record upon which to base the charge of the court upon that subject.

3. On the trial of an appeal from the allowance of a claim filed by a husband against the estate of his deceased wife for materials furnished and work done in improving her land, the court, after instructing the jury at the request of the claimant that they might find that the improvements were made under an implied contract between the parties, defined express and implied contracts, and added that, as between husband and wife, the law does not imply any agreement on the part of one to pay for labor performed or money expended for his or her benefit by the other, without any agreement or under-standing that such services should be paid for or expenditures repaid; but that, if they found that the claimant did the work and furnished the materials upon an understanding with his wife that he should be paid for the same, he would be entitled to recover, even though the very words of the bargain between them might not be proved or be susceptible of proof; and that this was all that was meant by the word "implied," as used in the instruction first given. And it is held that while the request, standing alone, was clearly erroneous, with the explanation given, the jury could not have failed to under-stand the law applicable to the case.

4. Where, on an appeal from the allowance of a claim against an

---

[1] See *Kinney v. Ferguson*, 101 Mich. 179.

estate, no formal issue is made in the circuit court, the case must be tried in the same manner as if it were before the commissioners on claims.

5. In such a case the administrator ·is not required, under How. Stat. § 5896, which makes it the duty of administrators or executors to exhibit the claims of the deceased in offset to those of creditors, to give notice of set-off until the court, upon motion, shall order him to do so, or until an issue has been framed which precludes any claim of set-off.

Error to Kalamazoo. (Buck, J.) Submitted on briefs April 5, 1894. Decided September 25, 1894.

Appeal from the allowance of a claim by commissioners. The estate brings error. Reversed. The facts are stated in the opinion.

*Osborn, Mills & Master*, for appellant.

*Wesselius & Corbitt* (*Frank E. Knappen*, of counsel), for ·claimant.

GRANT, J. Simon Westra, the claimant, was the husband of Janet Westra, deceased. He presented a claim against the estate for $626.29 for materials furnished and work done in the construction of a house, barn, and fence upon his wife's land. The record is meager, and does not purport to set forth all the testimony.

1. The first error alleged is upon the charge of the court. The court gave certain requests presented in behalf ·of both parties. The first request given on behalf of the ·claimant reads as follows:

" That you may find that Mrs. Westra did agree fully to the details, terms, and prices with her husband, and such other things as would render the understanding between the parties full and complete in every detail, or that the same may have been done under an implied ·contract; that is, a contract arising by implication, arising from the situation of the parties and the relation and dealings of the parties, conduct of the business, or the statements of the parties made with reference thereto."

Standing alone, this charge is clearly erroneous; but the court immediately proceeded to instruct the jury as to what he meant by this instruction, stating that the word "implied" was not used therein in its ordinary, technical, legal sense. After stating what express and implied contracts are, the court added:

"As between husband and wife, the law does not imply any agreement on the part of one to pay for labor performed or money expended for his or her benefit by the other, without any agreement or understanding that such services should be paid for or expenditures repaid. But if you find that the claimant did work in improving his wife's property, or paid out money for material used in improving her property, upon an understanding between them that he should be repaid such expenditures and be compensated for his work, then claimant would be entitled to pay for his services and expenses in improving the wife's property, even though the very words of the bargain between them might not be proved or susceptible of proof; and this is what is meant, and all that is meant, by the word 'implied,' as used in the instruction given you in the request of counsel for the parties in this action.

"In this case the claimant is prevented from testifying to any matters that were equally within the knowledge of Janet Westra, deceased, and a contract, therefore, cannot be maintained by his testimony. He has produced, however, certain witnesses who have related conversations which they testified they had with Mrs. Westra in her lifetime; and if you find from these conversations a conclusion to the effect that Mrs. Westra did agree to pay her husband for the labor performed by him and others, and for which he paid, and for the materials which entered into the construction of said buildings, and if you find such statements to be true, then you are at liberty to find that a contract did exist between himself and his wife, and he is entitled to recover therefor."

The court also gave the request offered on behalf of the estate, to the effect that, unless the jury found by a preponderance of evidence that the deceased wife of the claimant entered into a specific and express contract to repay any money he might expend in building on or improving the

property owned by her, 'claimant could not recover in the case. This instruction the court, in a verbal charge, also modified and explained substantially as above stated in his explanation when giving the claimant's request. We think that with these explanations the jury could not have failed to understand the law applicable to the case.

Had the court given a connected charge, in its own language, covering the .law of the case, the apparent inconsistencies would undoubtedly have been avoided. The learned circuit judge said to the jury that he gave these instructions in the very language of the requests of counsel, because this Court had ruled that it was the duty of the courts to do so whenever it could be done. If any such *dicta* are found in the decisions of this Court, we hold, as we have frequently done, that it is not the law. If the circuit judge, in his oral charge, correctly states the law which is applicable to the case, it is not error to refuse the specific requests. *Ellis v. Whitehead,* 95 Mich. 105, 115; *Stevens v. Pendleton,* 94 Id. 405; *People v. Hubbard,* 92 Id. 326; *Shearer v. Middleton,* 88 Id. 621. Upon this question, we call special attention to the language of this Court in *People v. Hubbard, supra.*

The court, as appears from the above charge, left it to the jury to determine from certain conversations had with Mrs. Westra whether she agreed to pay her husband for the labor and materials. These conversations are not given in the record, and there is only a brief, statement that testimony was given, in the nature of admissions by her, tending to prove that he did not expect to furnish the materials or do the work gratis, and that she did not expect him to do so. The record does not show that this was all the evidence in the case bearing upon this alleged agreement. We must therefore assume that there was sufficient in the record upon which to base the charge of

the court. When the relation of husband and wife or parent and child exists, there is no implied contract to pay for services rendered. The presumption in such case is against a contract relation. In these cases it is, of course, the duty of the court to determine that there is evidence legitimately tending to establish an express contract; and, if there be a conflict upon such evidence, then it is a question for the jury. As this record does not purport to contain all the evidence, we do not think it best to pass upon the effect of what it is alleged these admissions tended to establish. The court considered them sufficient to establish, if found to be true, an express contract. When all the evidence, or the substance of it, which was before the court below, is before us, the question will be fairly presented for our determination.

2. The case was tried in the circuit court upon the same papers and pleadings that were before the commissioners. Upon the trial the administrator offered evidence of an offset, which was ruled out by the court because no notice had been given, and it did not appear that any claim of offset was made before the commissioners. There was no evidence upon this point except the report made by the commissioners. This report was evidently made upon the customary blank furnished for that purpose. The headings upon the blank were as follows, and in the following order:

1. Names of claimants or creditors, and character of claims.
2. Amount claimed.
3. Amount thereof disallowed.
4. Amount of offset.
5. Amount thereof disallowed.
6. Amount of final balance, favor of creditor.
7. Amount of final balance, favor of estate.

The amount of the claim was set forth in the second column. There were no entries in the third and fourth columns. In the fifth was $326.29. In the sixth, $300. It does not therefore appear of what the amount of $326.29, disallowed by the commissioners, consisted. It might have been set-off, payment, or disallowance of certain items of the claim.

How. Stat. § 5896, makes it the duty of the administrator or executor to exhibit the claims of the deceased in set-off to the claims of the creditor. No formal issue was framed in the circuit court, to which the administrator had appealed. It does not appear that any bill of particulars was demanded by either party, either before the commissioners or in the circuit court. Under these circumstances, we think it was error to exclude evidence of set-off. Where no formal issue is made in the circuit court, the case must be tried in the same manner as if it were before the commissioners, and, under the statute above cited, an administrator is not required to give notice of set-off until the court, upon motion, shall order him to do so, or until an issue has been framed in the circuit court which precludes any claim of set-off.

Judgment reversed, and new trial ordered.

The other Justices concurred.