SAMMON *v.* WOOD.

1. CONTRACT—PROMISE TO PAY AT DEATH.
   An agreement to pay for services at death is valid, and enforceable against the estate of the promisor.

2. PARENT AND CHILD—ACTION FOR SERVICES—EVIDENCE.
   It is not essential to a recovery by a child for services rendered to a parent that a formal contract be established in relation thereto, but if the facts and circumstances attending the performance of the work and its acceptance are sufficient to rebut the presumption that the services were gratuitous, and to authorize the inference that both parties acted upon the understanding that they were to be paid for, the parent is liable.

3. SAME—QUESTION FOR JURY.
   Where, in a suit by a daughter to enforce a claim against her father's estate for services, there is evidence that the services were valuable, that, during the period of their performance, the father frequently stated in the presence of the claimant that he intended to convey his farm to her in consideration of such services, that he did make such conveyance, but that the same was inoperative, the question whether the services were rendered and accepted with the understanding that they were to be paid for should be submitted to the jury.

4. DEED—HOMESTEAD.
   A deed of a tract of land including a homestead, in which the wife does not join, is void as to the entire tract, if the homestead is incapable of severance.

5. ACTION FOR SERVICES—EVIDENCE OF VALUE—FAILURE OF TITLE TO LAND CONVEYED.
   In an action to recover for services rendered under an agreement that they should be compensated by a conveyance of real estate, evidence of the value of the land, which was conveyed

as agreed, but the title to which has failed, is admissible to prove the value of the services.

Error to Ionia; Davis, J.    Submitted October 25, 1895. Decided December 24, 1895.

Mary Sammon presented a claim against the estate of her deceased father, Michael Sammon, for services rendered, the allowance of which was resisted by O. Scott Wood, the administrator of his estate.    The claim was disallowed in probate court, and the claimant appealed to the circuit, where a verdict disallowing the claim was directed by the court.    Claimant brings error. Reversed.

*Chaddock & Scully,* for appellant:

If the facts and circumstances were such as would have authorized a finding that the services were rendered in the expectation by claimant of receiving and by her father of making compensation therefor, claimant was entitled to go to the jury, although no express promise on the part of the father was shown.  *Sword* v. *Keith,* 31 Mich. 253; *Hillebrands* v. *Nibbelink,* 44 Mich. 413; *Allen* v. *Allen,* 60 Mich. 635; *Scully* v. *Scully,* 28 Iowa, 548; *Cowan* v. *Musgrave,* 73 Iowa, 384; *Marietta* v. *Marietta,* 90 Iowa, 201; *Donahue* v. *Donahue,* 53 Minn. 460.

An agreement by a father to compensate his child in land at his death will rebut the presumption that the services were gratuitous.  *VanFleet* v. *VanFleet,* 50 Mich. 1; *Dickerson* v. *Dickerson,* Id. 37.

Where services are rendered upon an agreement that they are to be compensated in part by a testamentary provision, and no such provision is made, the estate of the employer is liable for enough to make up what the services were reasonably worth.  *Patterson* v. *Patterson,* 13 Johns. 379; *In re Bayliss* v. *Estate of Pricture,* 24 Wis. 651; *Jilson* v. *Gilbert,* 26 Wis. 637; *Ellis* v. *Cary,* 74 Wis. 176; *Wallace* v. *Long,* 105 Ind. 522.

Although a contract by a father to pay for services rendered by a child remaining at home after coming of age will not be implied, yet, if an express contract to pay is proved, but the rate of wages is not agreed upon, a

recovery may be had upon the *quantum meruit.* *Frier-muth* v. *Friermuth,* 46 Cal. 42; *Manseau* v. *Mueller,* 45 Wis. 430; *Byrnes* v. *Clark,* 57 Wis. 13.

*Vernon H. Smith,* for appellee:

To justify a recovery by the claimant, an express contract on the part of the father to pay for her services must be clearly shown. *Robinson* v. *McAfee Estate,* 59 Mich. 375; *Allen* v. *Allen,* 60 Mich. 635; *Bank* v. *McLean,* 84 Mich. 625; *Wright* v. *Senn Estate,* 85 Mich. 191; *Burgess* v. *Burgess,* 109 Pa. St. 312; *Martin* v. *Wright,* 13 Wend. 460.

McGRATH, C. J.  The plaintiff presents a claim against her father's estate for services. In his lifetime, in 1890, he conveyed to her a farm of 80 acres, and she gave back a life lease. This 80 acres included the homestead upon which plaintiff, her father, and her mother resided at the time. The mother's mind was impaired, and she was not in a condition to transact business, and did not join in the deed. When claimant discovered that the deed was invalid as to the homestead, she presented a claim against her father's estate for services. She was born in 1858, and remained at home until her father's death, in 1894. She had brothers and sisters, but they had married and gone,—the last one of them about 8 years before the father's death.

It appeared that, for a number of years before his death, the father's health was poor, and he was able to do little, if any, farm work; that for years he had been unable to put on his shoes, harness a horse, or get into a buggy unassisted; and that plaintiff had not only done the household work, but most of the outdoor work upon the farm, "laying fences, plowing, cultivating, drawing wood and hay, husking corn, drawing wheat and oats, and everything else that a man would do on a farm." The testimony offered on her behalf further tended to show that the father had frequently said to his neighbors

and to his other children, in the presence of plaintiff and elsewhere, that his other children had left him; that Mary had remained with them, and taken care of them; that he could not get any one else to live with them; that he did not know what they would do without her; that he could not keep house if she left; that she was faithful, had looked after them and their wants, and had worked and was working hard; that he intended to pay her for her work; that he would pay her well; that he intended to deed the farm to her for her services; that he had deeded the farm to her, and given her the personal property on the farm, for her services.

It cannot be said, under such circumstances, that there was no testimony to go to the jury tending to show that the services rendered by claimant were performed and accepted with an understanding that they should be paid for. In *Sword* v. *Keith*, 31 Mich. 247, it was held that where services have been performed by one during his minority, under an agreement or with the understanding that they should be paid for, the person for whom performed would be under legal obligation, after performance, to pay for the same. It was further held in that case that, if the circumstances shown would authorize the inference that both parties had acted upon the understanding that such services would continue to be rendered, this would be equivalent to a promise to render such services; and, further, that an agreement to pay at the death of the promisor is binding upon the estate. Upon this point, see, also, *De Moss* v. *Robinson*, 46 Mich. 62, 64.

In *Westra* v. *Westra's Estate*, 101 Mich. 526, the instruction given, which was approved by this court, was:

"If you find that claimant did the work or paid out the money upon an understanding that he should be repaid the expenditures and compensated for his work, he would be entitled to recover for his services and expenses."

I do not understand that it is necessary, in this class of cases, to show that, at a given time before the rendition of the services, a formal contract was entered into, on the one part to work, and on the other to pay, in order to authorize a recovery. If the facts and circumstances attending the performance of the work and its acceptance are sufficient to rebut the presumption which obtains in such cases, and authorize the inference that both parties acted upon the understanding that the services were to be paid for, that would be equivalent to a promise to pay for such services.

In the present case, the testimony clearly tended to show that, before the conveyance was made, the decedent, in the presence of the claimant, frequently stated that he intended to convey the farm to her, in consideration of her services, and of the fact that she had remained with him, and looked after him and his wife, at a time when both were decrepit and that care was a great burden. It was entirely competent for him to agree that, if she should remain with him and look after his wants and those of her mother, she should have all his property, however generous such a proposition might seem, or however much of gratitude might enter into it. The only question in any such case is, was such a promise made? If made, and subject to no other objection, it would be enforceable against his estate. The decedent did more than promise; he actually conveyed the farm. In doing so, he stated what the consideration was. He thereby recognized his obligation to her, and treated the conveyance as in fulfillment of his promise. The consideration was ample. The case should have gone to the jury.

The conveyance was a nullity so far as the homestead is concerned, and it may be that the homestead is incapable of severance,—that is, it may be impossible to locate it; and in such case the title to the entire farm must fail. *Engle* v. *White*, 104 Mich. 15, and cases cited.

In either event, the value of the land to which the title fails is admissible in evidence upon the question of the value of the services. *In re Williams' Estate,* 106 Mich. 490, and cases cited.

The judgment is reversed, and a new trial granted.

The other Justices concurred.