### SNYDER v. NEAL.

1. CONTRACTS—PERSONAL SERVICES—QUANTUM MERUIT.
   Where plaintiff rendered services for defendants under an agreement that she should be compensated therefor at their death, which agreement defendants subsequently repudiated, plaintiff could maintain an action at once for the value of the services.

2. SAME—JOINT LIABILITY—EVIDENCE.
   Evidence that plaintiff's labor was performed upon a farm, part of which was owned by one and part by the other of the defendants, and was done for the benefit of both defendants, in the expectation that both were to pay therefor, was a sufficient showing of a joint liability.

Error to Kent; Perkins, J. Submitted January 8, 1902. Decided March 18, 1902.

*Assumpsit* by Viola Rosegrant Snyder against James R. Neal and Heroin Neal for work and labor performed. From a judgment for plaintiff, defendants bring error. Affirmed.

*Taggart & Taggart,* for appellants.

*E. J. Adams,* for appellee.

MOORE, J. This case was commenced in justice's court, and afterwards appealed to the circuit court, where it was tried by the circuit judge without a jury. The circuit judge made the following findings:

"1. That in March, 1890, the plaintiff entered defendants' family as a member thereof, and these relations continued until the engagement hereinafter set forth.

"2. The plaintiff performed services for the defendants from June 1, 1897, to March 14, 1899, of the value of $234.35.

"3. The said services were performed by the plaintiff and accepted by the defendants under the mutual understanding and express agreement that, at the death of the defendants, plaintiff should receive $200 in money, and part of the household goods, out of the estate of the defendants, as compensation for her services.

"4. After the services were performed, defendants sold their farm, and, before the commencement of this suit, upon a request for some written evidence of the agreement by the plaintiff, defendants refused to give such memorandum, and informed plaintiff that while they had intended to provide for the payment to her of $200, and part of the household goods, at the time of their death, they had then come to the conclusion that they would not make any such provision, and that they would never pay her a cent for her work.

"5. Plaintiff is therefore entitled to recover of defendants the sum of $234.35 for her damages; that being the value of the services rendered by her for the defendants from June 1, 1897, to March 14, 1899, and for which the said defendants promised to pay her what her said services were reasonably worth."

The judge was requested to strike out these findings, and make one to the effect that plaintiff came to live with the defendants as a member of the family, and that this relation did not change until she finally left them, and that there was no agreement or understanding, express or implied, that plaintiff was working for hire, or that she was to be paid by defendants for what she did for

them while making her home with them, and to find, as conclusions of law, that defendants are under no legal obligation to compensate plaintiff for her services; that there is no joint obligation on the part of defendants to pay plaintiff for the alleged claims, or any part of the same.. This the judge declined to do, and exceptions were duly taken by defendants.

The plaintiff was 18 years old when she became an inmate of defendants' family, which consisted of Mr. and Mrs. Neal, who were living upon a farm of 20 acres. They were uncle and aunt of the plaintiff. The title to the 15 acres of land upon which the house was situated was in Mrs. Neal. The title to the other 5 acres, upon which was the barn, was in Mr. Neal. It is the claim of plaintiff that prior to June, 1897, she worked several months each year for defendants, and from June 1, 1897, until March, 1899, she worked continuously for them; that during this time Mrs. Neal was in such condition that she gave her upwards of 300 baths; and that the services were rendered with the understanding upon her part that she would be paid for them, and with the understanding upon the part of defendants that they would pay for the services. It is the claim of defendants that plaintiff came to them in 1890, because her father and mother had separated, for the purpose of having a home; that she was treated as a member of the family; that she came and went when she desired, working out when she wanted to, but always calling their house her home; that, while she picked some berries for Mr. Neal, she was paid for doing so; that a watch was given to her, some shoes, and some small sums of money; that what she received was quite equal to what she gave, and that what she did was done as a member of the family, and not in the expectation she was to be paid for it; that while defendants had expected to leave her, upon their death, some household furniture and $150 or $200 in money, and would have done so had not she commenced this proceeding, their intention in that regard was because she was their niece, and not because they were under any obligations to pay her.

The testimony was very conflicting. It would not do any good to recite it here in detail. It will suffice to say that, if the judge believed the testimony offered on the part of the plaintiff, it justified the judgment, under the following decisions: *O'Connor* v. *Beckwith*, 41 Mich. 657 (3 N. W. 166); *Van Fleet* v. *Van Fleet*, 50 Mich. 1 (14 N. W. 671); *Robinson* v. *McAfee's Estate*, 59 Mich. 375 (26 N. W. 643); *Westra* v. *Westra's Estate*, 101 Mich. 526 (60 N. W. 55); *In re Williams' Estate*, 106 Mich. 490 (64 N. W. 490); *Sammon* v. *Wood*, 107 Mich. 506 (65 N. W. 529); *Rhea* v. *Meyers' Estate*, 111 Mich. 140 (69 N. W. 239).

In relation to the question of joint liability, counsel cite no authority, but content themselves with saying in the brief:

"The action is joint, and the liability must therefore be shown to be joint. If there is any evidence showing a liability, which we claim there is not, yet it does not in any sense show a joint liability, and therefore the action cannot be maintained."

The plea was the general issue. The evidence shows the bulk of the property was owned by Mrs. Neal, and that the work was done on a farm, part of which was owned by one and part by the other, and was done for the benefit of both the defendants. According to the claim of plaintiff, it was done in the expectation that they were both to pay for the services. The question of whether a married woman may incur such a liability is not raised, and we express no opinion upon that question.

We have considered the assignments of error in relation to the admission of testimony, and think they are not well taken.

The judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.