SHANE v. SHEARSMITH'S ESTATE.

1. ESTATES OF DECEDENTS—COMPENSATION FOR SERVICES—EVIDENCE.

Statements by a person, since deceased, to the effect that plaintiff, who was in his employ, understood that he was to be rewarded in the end, that he (deceased) had promised to leave the business with plaintiff, and that plaintiff knew well enough what he was working for, are sufficient to justify a finding that decedent agreed to compensate plaintiff for his services by leaving him the business.

2. SAME—CLAIMS—BREACH OF CONTRACT—DAMAGES.

The failure of a person to compensate an employé for his services by leaving, at his death, a business to the employé, as

had been agreed upon, entitles the employé to recover the value of his services as a claim against the estate.

3. MASTER AND SERVANT—MONTHLY PAYMENTS OF WAGES—EVIDENCE.

   The acceptance of a certain sum at regular monthly periods for services is not conclusive that the amounts received were in full compensation for the services.

4. SAME—EXTRA COMPENSATION—INSTRUCTIONS.

   Where, on the trial of a suit against an estate for a balance due as wages, the court charged the jury that "an express agreement must be found before any additional compensation can be given," it was unnecessary to give a request that "the fact that the business of decedent increased under claimant's management is no evidence that deceased promised to pay claimant more than the wages he was receiving."

5. SAME—VALUE OF SERVICES—HARMLESS ERROR.

   The admission of incompetent testimony as to the value of claimant's services was not reversible error, where there was competent testimony, and the jury could not have rendered a smaller verdict under the evidence.

Error to Sanilac; Beach, J.   Submitted April 12, 1904. (Docket No. 31.)   Decided June 25, 1904.

Riorison Shane presented a claim against the estate of John Shearsmith, deceased, for services rendered. The claim was allowed by the commissioners, and defendant appealed to the circuit court. From a judgment there for claimant, defendant brings error.   Affirmed.

*Avery & Walsh* and *John S. Crandell*, for appellant. *W. H. Witt* and *W. H. Burgess*, for appellee.

CARPENTER, J.   For several years before the death of deceased, plaintiff had been in his employ, engaged in managing a hardware and furniture store at Brown City, in this State.   During this time he was paid wages,—part of the time $30 per month, and part of the time $35 per month.   It is plaintiff's claim that his services were worth much more than he received; that they were rendered

137 MICH.—3.

under an express contract between decedent and himself that he should receive additional compensation by bequest in decedent's will, or by some interest in his business before he died; and that, as this additional compensation was never paid, he is entitled to recover the extra value of his services.    This claim was presented to the commissioners on claims.    They allowed the same at the sum of $1,000. An appeal was taken to the circuit court, where the case was tried before a jury, and a verdict and judgment obtained by plaintiff for $500.

The principal ground upon which it is contended that the judgment should be reversed is that there was no evidence which justified the jury in finding that the alleged express contract was in fact made.    There was testimony that decedent stated that he could "hardly get along" without Shane,    "* * *    but he [Shane] understands that he is to be rewarded in the end;    * * *"    that he was "fortunate" in having "a good shopkeeper, as Mr. Shane is, here, and a good buyer and a good seller; * * *" that he "had promised to leave the hardware with Mr. Shane, or with Riorison.    * * *    Riorison keeps things up in good shape, because he knows well enough what he is working for."    One would infer from this testimony that decedent recognized the great value of plaintiff's services, and had agreed to compensate him by leaving him the hardware.    The failure to perform that contract entitles plaintiff to recover in this suit.    See *In re Williams' Estate,* 106 Mich. 503 (64 N. W. 490), and cases there cited.

It is contended that a verdict should have been directed for the defendant estate because it conclusively appeared that plaintiff accepted the amounts paid him as full compensation for his services.    The jury might infer from the testimony introduced on the part of the plaintiff that, when plaintiff received pay for his services, he did so under the agreement that he should receive additional compensation under the contract heretofore referred to.    In other words,

the inference might well be drawn that the money paid to plaintiff was not in full compensation for his services.

Defendant preferred this and other similar requests:

"The mere fact that the business of deceased did increase is no evidence that the deceased promised to pay claimant anything more than the wages he was receiving."

We think the court sufficiently covered the points presented by these requests when he charged the jury that "an express agreement must be found before any additional compensation can be given."

It is contended by defendant that some of the testimony introduced by plaintiff to prove that his services were worth more than the amount paid him was incompetent, and improperly admitted. Assuming this contention to be sound, it nevertheless does not constitute reversible error, because plaintiff did introduce competent testimony on this issue which was not controverted by defendant, and the jury could not, according to this testimony, have rendered a smaller verdict than they did. In short, it is clear from the record that defendant was not harmed by the introduction of the evidence under consideration.

We do not think that the record shows any reversible error, or that there is any other question that demands discussion.

The judgment is therefore affirmed, with costs.

The other Justices concurred.