MAYNARD *v.* SCHRUMPF'S ESTATE.

1. ESTATES OF DECEDENTS—CLAIMS—SERVICES RENDERED.
   On the hearing of a claim by decedent's daughter against the estate of her mother for care rendered to the mother, testimony of acquaintances of the decedent, giving their opinions as to the value of services of claimant, was not incompetent, and the court properly declined to exclude it.

2. SAME—IMPLIED CONTRACT. ·
   An express contract was not essential to claimant's right to compensation, and if the accompanying circumstances were such as to rebut the presumption that the services were gratuitous, and to tend to prove that both parties knew or understood the work was not to be done without pay, the estate was properly held responsible.[1]

Error to Oceana; Sullivan, J. Submitted June 12, 1916. (Docket No. 47.) Decided July 21, 1916.

Matilda Maynard presented her claim for services rendered against the estate of Caroline Schrumpf, deceased. It was disallowed in part by the probate court. Claimant appealed to circuit court. From a judgment for a larger amount, defendant brings error. Affirmed.

*F. E. Wetmore,* for appellant.

*Turner & Turner* and *R. R. Gale,* for appellee.

MOORE, J. Mrs. Caroline Schrumpf lived for 17 months or more before her death, at the home of her daughter, Mrs. Matilda Maynard. After the death of Mrs. Schrumpf, the daughter, Mrs. Maynard, presented a claim against her estate for care and board amounting to upwards of $500. The claim was contested. It

---

[1] For authorities passing on the question of implication of agreement to pay for services rendered by child to parent, see comprehensive note in 11 L. R. A. (N. S.) 879.

was allowed by the judge of probate in the sum of $39.15, from which allowance an appeal was taken to the circuit court by Mrs. Maynard. The claim was contested in the circuit court. In his charge to the jury the judge stated, when speaking of the claim, in part, as follows:

"It says 'To care and board.' This claimant is not entitled to any charge for board. This is a married woman, as appears from the undisputed testimony here of Mrs. Matilda Maynard, and at the time that she makes her charge she was living with her husband in Pentwater, and while she has got upon her bill here, 'To care and board,' she cannot recover for the expense of the board or lodging, but can only recover for her personal care if she can recover at all. The personal care that the wife gives in a case of this kind may be recovered by her as her own property, but not for the board furnished by her husband, so while the bill says for care and board, the real claim is for the care given by the daughter to her mother."

The jury was told:

"It is not necessary that there should have been any express contract in so many words, between the parties, but beside the care of the mother by the daughter the jury must believe that when the work was done there was an expectation of receiving pay on the part of the claimant and an intention on the part of the mother of paying her. It is not enough just to prove that the care was rendered; that is not enough, but there must go with that something from which there can be implied a contract, an implied promise to pay at that time and an expectation upon the part of the daughter to receive pay for the services that she rendered. And if you find there was that, then this claimant can recover what her services were reasonably worth from the time such expectations existed, from any date that such expectations existed on the part of the mother and daughter."

The jury returned a verdict in the sum of $164. From a judgment for that amount the case is brought here by writ of error.

The husband and some of the neighbors of Mrs. Maynard were sworn as witnesses. Some of the assignments of error relate to this testimony. Counsel say in the brief:

"I do not care to specifically argue or cite authorities upon the matter of admitting the testimony of opinion of the witnesses as to the value of the services of the claimant. It was my opinion at the time of the trial, and it is now, that these witnesses were wholly incompetent under their own testimony to express an opinion upon the subject. The testimony of the witness Maynard was a conclusion merely, and should have been stricken out upon our motion, and upon this, as said before, we base our eighth assignment of error."

We have examined the testimony. We think it admissible under *In re De Spelder's Estate,* 181 Mich. 153 (147 N. W. 589).

A motion for a directed verdict was made on the ground that claimant had failed to make a case. The rule that should govern cases like the one before us has been stated as follows:

"I do not understand that it is necessary, in this class of cases, to show that, at a given time before the rendition of the services, a formal contract was entered into, on the one part to work, and on the other to pay, in order to authorize a recovery. If the facts and circumstances attending the performance of the work and its acceptance are sufficient to rebut the presumption which obtains in such cases, and authorize the inference that both parties acted upon the understanding that the services were to be paid for, that would be equivalent to a promise to pay for such services." *Sammon* v. *Wood,* 107 Mich. 506 (65 N. W. 529).

And in a later case it is said:

"It is not essential to a recovery by a child for services rendered to a parent that a formal contract be established in relation thereto, but if the facts and

circumstances attending the performance of the work and in its acceptance are sufficient to rebut the presumption that the services were gratuitous, and to authorize the inference that both parties acted upon the understanding that they were to be paid for, the parent is liable." *In re Abel's Estate,* 173 Mich. 93 (138 N. W. 325).

The testimony on the part of claimant fully met the requirement of the rule.

Judgment is affirmed, with costs.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, BROOKE, and PERSON, JJ., concurred.