*In re* KNOX'S ESTATE.

JACOBS *v.* KNOX.

1. EXECUTORS AND ADMINISTRATORS — CLAIM — EVIDENCE — SUFFICIENCY.

   Testimony in support of a daughter's claim for personal services against the estate of her mother, *held*, sufficient to raise an issue of fact for the jury.

2. SAME—SERVICES—MOTHER AND DAUGHTER—GRATUITOUS SERVICES—PRESUMPTIONS.

   The presumption that the services of the daughter for her mother were gratuitous is weakened by the fact that they were not members of the same household, but the daughter left her own home in another city to come to the home of the mother to care for her.

3. APPEAL AND ERROR—JUDGMENT — REVERSAL OF JUDGMENT NON OBSTANTE VEREDICTO.

   Where appellee presented no assignments of error upon which it might rely for a new trial, on reversal of judgment *non obstante veredicto* judgment on the verdict will be ordered entered in the trial court under Circuit Court Rule No. 66, § 6, and 3 Comp. Laws 1915, § 14568 *et seq.*

Error to Calhoun; North (Walter H.), J. Submitted June 6, 1922. (Docket No. 13.) Decided November 2, 1922.

Mary Jacobs presented a claim against the estate of Margaret Knox, deceased, for services rendered. The claim was allowed in part before the commissioners, and defendant appealed to the circuit court. Judgment for defendant *non obstante veredicto*. Plaintiff brings error. Reversed, and judgment entered on the verdict.

*J. M. Hatch,* for appellant.

*James W. Mackey,* for appellee.

CLARK, J.    Mary Jacobs filed a claim against the estate of her mother, Margaret Knox, which consists of two items, as follows:

"To cash paid for repairs, painting, wiring and decorating the house of Margaret Knox in the years 1913 and 1919, under contract with Margaret Knox, $700.

"To cash paid for care, clothing and support of Margaret Knox in the years 1913 and 1919, $1,000."

On appeal to the circuit court from the report of the commissioners on claims plaintiff had verdict for $500.    There was motion for judgment notwithstanding the verdict.    Judgment was ordered for the estate.    Plaintiff brings error and contends that judgment should have been entered on the verdict.

In 1916, deceased owned a dwelling in Marshall where she lived.    She was supported principally, if not wholly, by contributions and aid of her daughter, the plaintiff, and of her son Charles.    Plaintiff was married and resided in Chicago.    In August, 1916, the son by letter advised plaintiff of the illness of the mother and requested plaintiff to come and take care of her.    Plaintiff came and except for a few days remained with and cared for the mother until November, 1918, when plaintiff returned to her home and husband in Chicago.    During such period Charles contributed little or nothing toward the support of the mother.    Plaintiff or her husband provided groceries and other necessities.    For a number of years prior to 1918, at least, plaintiff and her husband had remitted sums of money to the mother, usually, it seems, at her request, and they had repaired and improved the dwelling, though Charles contributed somewhat toward such improving.    They, and sometimes

their friends, visited the mother at her home.    Soon after plaintiff's return to Chicago, deceased deeded her home to Charles, went to live with him, and died about June, 1919.

The evidence indicates that the major element of plaintiff's claim is for her personal services to the mother for the period stated.    The trial was upon that theory and such element is covered fully by the charge.    To support the claim that the services were to be paid for, plaintiff had testimony of witnesses of statements made by deceased during the period covered by the claim:

"Mrs. Knox said she was going to pay Mary for doing what she did and she didn't know what she would do if it wasn't for Mary and Mr. Jacobs. * * * She, Mrs. Knox, told me on more than one occasion that she intended to pay Mary for what she had done for her. * * * She said she intended Mary should have her pay for what she had done for her.    That was in Mary's presence."

"She said something to me about compensating her. She said she calculated to make it right with Mary; she wasn't going to let her lose anything."

The testimony of value of the nursing was indefinite, but there was positive testimony received without objection that the domestic services rendered were worth $5 per week.    The trial judge was of the opinion that the evidence as to any element of plaintiff's claim was insufficient to raise an issue of fact for the jury.    A careful review of the evidence and of the authorities leads us to a different conclusion respecting the claim for personal services.

The presumption that the services of the daughter to the mother were gratuitous (see *In re Teller's Estate*, 200 Mich. 181) is weakened by the fact that the daughter and the mother were not members of the same household, the daughter having left her home in Chicago and having come to the home of the mother

to care for her.    And this fact gives support to other facts tending to establish a contract.    See *In re Hoffman's Estate*, 200 Mich. 464.    Under the following cases the evidence adduced made an issue of fact for the jury upon the question of whether both mother and daughter acted upon the understanding that the services were to be paid for: *Sammon* v. *Wood*, 107 Mich. 506; *Fishell* v. *Fishell*, 206 Mich. 308; *Maynard* v. *Schrumpf's Estate*, 192 Mich. 494; *In re Scully's Estate*, 199 Mich. 181; *Shane* v. *Shearsmith's Estate*, 137 Mich. 32; *In re Thompson's Estate*, 157 Mich. 669; *In re Mitchell's Estate*, 178 Mich. 493.    And the amount of the verdict is within the limits of positive competent testimony of the value of the services.    See *In re De Spelder's Estate*, 181 Mich. 153.

The estate has presented no assignments of error upon which it might rely for a new trial in the event of the reversal of the judgment.    See Circuit Court Rule No. 66, § 6, 3 Comp. Laws 1915, § 14568 *et seq.*

It follows that the order is reversed.    Judgment will be entered in the circuit in accordance with the verdict as rendered.    Plaintiff will recover costs of this court.

Fellows, C. J., and Wiest, McDonald, Bird, Sharpe, Moore, and Steere, JJ., concurred.