*In re* HAMLIN'S ESTATE.

1. WORK AND LABOR — EXECUTORS AND ADMINISTRATORS—PARENT AND CHILD—SERVICES—PRESUMPTION THAT SERVICES ARE GRATUITOUS REBUTTABLE.

  The presumption that services rendered a parent by a child living at home are gratuitous, or in response to a

The implication of agreement to pay for services rendered by relative or member of household is discussed in note in 11 L. R. A. (N. S.) 873.

sense of moral obligation rather than for pecuniary gain, gives way to an express or implied agreement to pay for the same.

2. SAME—CONTRACT—EXPRESS—IMPLIED.

Such agreement to pay may be expressed in positive terms, or be found from evidence clearly disclosing that the services were rendered with expectation of pay and accepted with knowledge of such mercenary motive, and with expectation to pay for the same.

:3. EVIDENCE—WITNESSES—CONTRADICTORY TESTIMONY FOR JURY.

The testimony of a witness, somewhat contradictory because of old age and failing mental powers, was for the consideration of the jury.

Error to Washtenaw; Sample (George W.), J. Submitted April 17, 1923.    (Docket No. 71.)    Decided June 4, 1923.

Alma V. Hamlin presented a claim against the estate of Alanson B. Hamlin, deceased, for services rendered.    The claim was allowed by the commissioners, and Albert G. Hamlin appealed to the circuit court.    Judgment for claimant.    Contestant brings error. ˙ Affirmed.

*Lehman & Lisle,* for appellant.

*William H. Murray (Frank B. De Vine,* of counsel), for appellee.

WIEST, C. J.    This case involves a claim against an estate for services rendered an aged and feeble father by his daughter of mature years, who had always lived at home.    The defense was no agreement to pay for such services and no competent evidence that the daughter expected pay or that the father expected to pay her.    Claimant had verdict and judgment.    As is usual in such a case, the evidence was meager upon

the pivotal question and the only point is whether there was sufficient evidence to warrant the verdict allowing the claim. The familiar presumption, based on the tie of blood and affection, that services rendered a parent by a child living at home are gratuitous, or in response to a sense of moral obligation rather than for pecuniary gain, gives way, of course, to an express or implied agreement to pay for the same. Such an agreement may be expressed in positive terms, or be found from evidence clearly disclosing that the services were rendered with expectation of pay and accepted with knowledge of such mercenary motive and with expectation to pay for the same.

It is conceded that the services rendered were well worth the sum claimed. The principal evidence in support of the claim was given by a brother-in-law of the deceased and related to conversations had with the deceased years ago and, on account of the old age of the witness, and his failing mental powers, his statements were somewhat contradictory. Some isolated statements made by him would tend to defeat the claim, while others showed a clear purpose on the part of the father to pay. His testimony as a whole was clearly for the consideration of the jury. *Goonen* v. *Railroad Co.*, 218 Mich. 502. No evidence was offered in behalf of the estate.

The trial judge gave the jury very full instruction upon the issues involved and submitted two special questions, the answers to which, if supported by competent evidence, end the case:

"*First Question:* Do you find from the evidence that Alma V. Hamlin, the claimant, understood and expected that the services she rendered for her deceased father were to be paid for?

"*Answer:* Yes.

"*Second Question:* Do you find from the evidence that Alanson B. Hamlin, the deceased, understood and

expected that the services he received were to be paid for, over and above the amount provided in his last will and testament?

"*Answer:* Yes."

An examination of the record discloses evidence supporting such special findings. The father remembered his daughter in his will by giving her $1,000 more than the other children, but the will was made years before the contract for services and before old age and helplessness had come upon the father. Having in mind the general principles of law governing this kind of a case, and so often announced in our decisions, we think the evidence sent the case to the jury and that the verdict, amplified by the answers to the special questions, ought not to be disturbed.

The judgment is affirmed, with costs to claimant.

FELLOWS, McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.