*In re* GOTTMAN'S ESTATE.

1. WITNESSES — MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

Under 3 Comp. Laws 1915, § 12553, a claimant against the estate of her deceased father for services rendered is incompetent to testify to facts equally within his knowledge.[1]

---

[1] Witnesses, 40 Cyc. pp. 2267, 2312.
Implication of agreement to pay for services rendered by child to parent, see note in 11 L. R. A. (N. S.) 880.

2. PARENT AND CHILD—SERVICES BY CHILD PRESUMED TO BE GRATU-
   ITOUS.
   > Services performed by a child for a parent are presumed
   > to be gratuitous in the absence of evidence to the contrary.[2]

3. EXECUTORS AND ADMINISTRATORS—SERVICES OF CHILD TO PARENT
   —MUTUAL EXPECTATION TO PAY ESSENTIAL TO RECOVERY.
   > Although it is not essential, in order that a child may
   > recover from a parent's estate for services rendered to the
   > parent, to establish a formal contract, it is essential to
   > establish that they were performed under a mutual under-
   > standing and expectation that they would be paid for.[3]

4. SAME—EVIDENCE—SUFFICIENCY.
   > Evidence held, insufficient to establish that services were
   > rendered to a father by the daughter under a mutual
   > understanding that they were to be paid for.[4]

Error to Wayne; Mandell (Henry A.), J.    Sub-
mitted June 11, 1926.    (Docket No. 96.)    Decided
July 22, 1926.

Tillie Sternberg presented a claim against the estate
of Charles Gottman, deceased, for services rendered.
The claim was allowed in part by the commissioners,
and Charlotte Gottman, administratrix *de bonis non*
with will annexed, appealed to the circuit court.   Judg-
ment for defendant on a directed verdict.    Plaintiff
brings error.    Affirmed.

*John W. L. Hicks,* for appellant.

*Ellery C. Pengra,* for appellee.

FELLOWS, J.    Plaintiff presented a claim against
the estate for $1,260 for room, board and washing
furnished her father during some seven years preced-
ing his death.    A verdict was directed for the estate
on the ground that no sufficient testimony had been
introduced to rebut the presumption that such services
were gratuitously rendered.    There was testimony

---

[2]Executors and Administrators, 24 C. J. § 881; Parent and
Child, 29 Cyc. p. 1630; [3]Executors and Administrators, 24 C. J.
§ 882; [4]Id., 24 C. J. § 2184.

that deceased lived with plaintiff the major portion of these years, and that he also spent considerable of his time with his other children. Plaintiff was sworn as a witness and the court ruled that she could not testify to facts equally within the knowledge of deceased. The statute (3 Comp. Laws 1915, § 12553) and the uniform holdings of this court sustain this holding.

The only testimony in this record which plaintiff claims, or can claim, tends to rebut the presumption that services performed by a child for a parent are presumed to be gratuitous is that given by one witness that when deceased was at the depot on his way to plaintiff's home he said to the witness "that he was not going to be dependent on Mrs. Sternberg," and the following testimony of plaintiff's son:

"I don't remember ever hearing him make any statement as to what he intended to pay my mother for services rendered but I did hear him state in my presence that when he made his will he would give her more than he did the rest."

The first of these statements made by deceased was not in plaintiff's presence, the other was. This court in a long line of cases has held that while it is not essential to establish a formal contract, it is essential to recovery to establish that the services were performed by the child with the understanding and expectation on his or her part that they would be paid for, and a corresponding understanding and expectation on the part of the parents that they were to be compensated. Among the numerous cases see *Ashley* v. *Smith's Estate,* 152 Mich. 197; *Sammon* v. *Wood,* 107 Mich. 506; *Maynard* v. *Schrumpf's Estate,* 192 Mich. 494; *In re DeHaan's Estate,* 169 Mich. 146; *In re Abel's Estate,* 173 Mich. 93. Measured by these holdings plaintiff has signally failed to make a case. The first of the statements above referred to is more consistent with the idea that deceased intended to pay

as he went along than with an agreement to defer pay-ment until his death, and the second shows an intent to favor plaintiff in his will without establishing an obligation so to do.    Estates of decedents would be quite vulnerable if allowances could be made upon claims having no more evidential support than is found in this record.    The trial judge correctly directed a verdict for the estate.

The judgment will be affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.