*In re* MacMARTIN'S ESTATE.

ROGERS v. McDONALD.

EXECUTORS AND ADMINISTRATORS—CLAIM FOR SERVICES—QUESTION OF FACT.

> Allowance of plaintiff's claim against estate for services rendered to deceased, *held,* to be within evidence, which was sufficient to raise issue as to whether said services were rendered with expectation by deceased and plaintiff that latter would be paid.

Appeal from Tuscola; Smith (Henry H.), J. Submitted April 19, 1932. (Docket No. 148, Calendar No. 36,470.) Decided June 6, 1932.

Joseph A. Rogers presented his claim for personal services against the estate of John MacMartin, deceased. From allowance by commissioners, Hugh

On implication of agreement to pay for services rendered by relative or member of household, see annotation in 11 L. R. A. (N. S.) 873.

McDonald, administrator, appealed to the circuit court. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Theron W. Atwood,* for plaintiff.

*Collins & Thompson,* for defendant.

CLARK, C. J. This is appeal from allowance of claim for services rendered by plaintiff, an aged man, to John MacMartin, now deceased.

The question is of sufficiency of evidence to take the case to the jury.

MacMartin requested plaintiff to come to his farm as he wanted and needed him. Plaintiff did farm work and housework for over three years and claims for it one dollar a day, which the jury allowed.

There is testimony that MacMartin said to plaintiff that he could collect one dollar a day, and, "If I didn't want to pay you, I wouldn't keep you," and, "I am not going to pay you, I am going to keep your money and give it to you in a bunch so it will do you some good."

This and other like evidence, together with that of circumstances of the parties, made the issue of whether the services were rendered with expectation of pay and with expectation to pay. *In re Hamlin's Estate,* 223 Mich. 156; *In re Knox's Estate,* 220 Mich. 469.

The verdict is easily within the evidence. No other question requires discussion. Affirmed.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.