*In re* VAN DYK'S ESTATE.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —DAUGHTER'S CLAIM FOR HOUSEWORK.

Daughter of deceased, seeking to recover from his estate on claim for services rendered at his request that she leave college and do the housework for him, her invalid mother, and five brothers and remain unmarried until 25 years of age *held,* precluded from testifying as to alleged agreement since such was a matter equally within the knowledge of deceased (3 Comp. Laws 1929, § 14219).

2. WORK AND LABOR—PARENT AND CHILD—PAYMENT FOR CHILD'S SERVICES—PRESUMPTION OF GRATUITY—EVIDENCE.

While services performed by a child for the parent are presumed gratuitous, recovery may be had therefor on evidence of an understanding that such services will be paid for even though there be no formal contract.

3. ESTATES OF DECEDENTS—DAUGHTER'S CLAIM FOR HOUSEWORK— EVIDENCE.

In proceeding to recover $1,000 by daughter from estate of deceased father for housekeeping services rendered at his request that she leave college and perform same and refrain from marriage until 25 years of age, uncorroborated testimony of her brother-in-law of admissions made by her late father some 10, 12, or 15 years prior to trial to the effect that daughter was to be paid such sum for her services from his estate *held,* merely an expression of intention on the part of decedent to make such payment and insufficient, as a matter of law, to prove the claim, in view of presumption that while claimant was a minor the services rendered are gratuitous.

Appeal from Ottawa; Sanford (Joseph F.), J., presiding. Submitted January 10, 1939. (Docket No. 85, Calendar No. 39,948.) Decided March 9, 1939.

In the matter of the estate of Arend Van Dyk, deceased. Jennie Pelon presented her claim which was allowed by the probate court. Hieltje Van Dyk and Gerrit Van Dyk, co-executors, and Ralph Van Dyk, an heir, appealed to circuit court. Verdict for plaintiff. Judgment for defendant *non obstante veredicto.* Plaintiff appeals. Affirmed.

*Nelson A. Miles,* for plaintiff.

*Carl E. Hoffman,* for defendants.

Butzel, C. J.   Jennie Pelon, *nee* Jennie Van Dyk, presented a claim in the probate court against the estate of her father Arend Van Dyk, deceased, in the amount of $1,031.80, $1,000 of which was for services she claims to have rendered for him in the care of his home from May 1, 1912, to October 1, 1923, and which sum was agreed upon and was to be payable to her upon the death of her father. The balance of $31.80 she claims for services intermittently rendered from July 23, 1931, to August 7, 1933, the charge being made at 30 cents per hour.

Claimant was attending Hope College in the city of Holland in 1912, at which time the father and mother and five brothers were all living on the farm near the city of Holland. In the brief filed in claimant's behalf, it is alleged she left Hope College at the request of her father for the purpose of keeping house for her father, mother, and brothers, and the promise was made to her that if she would remain at home until she reached the age of 25 and did not marry in the meantime, she would receive $1,000 for her services; that she left college and remained at home until after the age of 25 years, did not get married during that period, did the house work and other duties about the farm.

Claimant took the stand in her own behalf and testified that she attended public school and spent a year at Hope College and after leaving Hope College lived with her family until she was 26½ years of age at which time she married; that her father was a farmer and the family all lived on the farm. She gave no testimony as to any agreement, if there was one, because she was precluded from testifying as to matters equally within the knowledge of the deceased.* She thus was unable under the law to testify to the other claims set forth as facts in the brief. The only other person who testified in the case was claimant's brother-in-law, who testified that he had a number of conversations with claimant's father some 10, 12, or 15 years prior to giving his testimony, in which the father stated that claimant was going to have $1,000, if she did not marry before she was 25 years old and stayed at home that long, for the work she was doing there, but the money had to come out of the estate. At the time claimant left college to go back home she was approximately 16 years of age. The record does not disclose her exact age. It must have been at least 3 or 4 years before she reached the age of 21.

An appeal was taken to the circuit court from the allowance of the claim by the commissioners on claims in the probate court and a verdict rendered by the jury in claimant's favor for the sum of $1,000 and interest from November, 1936. On a motion for judgment notwithstanding the verdict, timely made, the trial judge set the verdict aside and entered a judgment of no cause of action.

We are mindful of the rule that one presenting a claim on an oral contract against an estate is barred

---

* See 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).—RE-PORTER.

from testifying by the statute, and for this reason it cannot be expected that the contract will be as definitely established as if the party could testify. *In re Knox's Estate,* 220 Mich. 469; *Krukowski* v. *Paluszewski's Estate,* 240 Mich. 291; *Torbert* v. *Smith's Estate,* 256 Mich. 93. It has been further held that while services performed by a child for the parent are presumed gratuitous, nevertheless recovery therefor may be had on evidence of an understanding that such services will be paid for even though there be no formal contract. *In re Teller's Estate,* 200 Mich. 181. In *Sammon* v. *Wood,* 107 Mich. 506, the court held that it is not necessary, "in this class of cases, to show that, at a given time before the rendition of the services, a formal contract was entered into, on the one part to work, and on the other to pay, in order to authorize a recovery. If the facts and circumstances attending the performance of the work and its acceptance are sufficient to rebut the presumption which obtains in such cases, and authorize the inference that both parties acted upon the understanding the services were to be paid for, that would be equivalent to a promise to pay for such services."

In the present case, there is no evidence whatsoever of the expectation on the part of claimant that she was to be paid for her services while at home working with her brothers and father and doing the work usually performed by the housewife and also looking after her mother who was invalided. At most, there is the testimony of her brother-in-law that her father often made the statement 10, 12, or 15 years prior to the giving of the testimony that she was going to have $1,000 if she remained unmarried until she reached the age of 25 and worked at home during that period.

We have often said that proof of oral admissions is the most unreliable known to law. It should be received with caution and subjected to careful scrutiny. Here we have the testimony of only one person, a brother-in-law, who could not definitely state when the admissions were made, whether prior to or subsequent to claimant's reaching the age of 21 years, though evidently prior thereto from the testimony. It was 10, 12, or 15 years ago that the conversation took place. There is no showing whatsoever that the promise was ever made to claimant or that, if made, it was more than an expression of intention on the part of decedent to make such payment. We have further the presumption that claimant's services at home prior to reaching the age of 21 were gratuitous and that as an unmarried member of the family she thereafter continued to live at home, help in the house and on the farm with her brothers, and also look after her invalid mother. There is no showing of any agreement that she refrained from marriage on the strength of the agreement or that she expected to be paid for the work that an unmarried daughter usually does about the home.

While we realize the difficulties of cases of this nature where decedent neither makes payment nor provides by will, writing, or in any other manner for payment, we also appreciate the danger of the claimed admissions of a very unsatisfactory nature of only one person, who is related to claimant, and whose testimony is uncorroborated.

It is unfortunate indeed that if such a promise had been made it was not evidenced by a will, or by a note, or in some more definite manner. The testimony as appears in the instant case was insufficient to prove the claim.

We believe that the judge adopted the proper and safe rule, and the judgment of no cause of action is affirmed, with costs to defendant.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred. NORTH, J., took no part in this decision.