65   515
87    30

65   515
d111   215

65   515
h139  1626

CATHERINE STACKABLE v. THE ESTATE OF GEORGE STACKABLE, DECEASED.

*Estates of deceased persons—Allowance of claim—Witness—Testimony of facts within knowledge of deceased—Evidence.*

1. Two brothers were *joint* owners of certain real estate, one of whom died *intestate*, and the survivor was appointed administrator of the estate, whose wife filed a claim against the estate for board alleged to have been furnished the deceased, and money expended in repairing the houses on the *joint* land, and for taxes levied thereon; some of which payments she claimed to have made, at the request of her husband, during the absence of the deceased from the State, and some of which were made in his presence. It was contended by the heirs, who opposed the allowance of the claim, that the payments were made with the money of the deceased in claimant's hands, which the evidence tended to show he had sent from the Black Hills, where he was mining, to his brother, and from money given to claimant by deceased before he left for the mining region. It was further claimed that there was no evidence of the authority of his brother to request such payments.

   *Held,* that the testimony of claimant as to such payments was incompetent, under the statute excluding the testimony of facts equally within the knowledge of a deceased party.

2. The object of the amendment of How. Stat. § 7545, by Act. No. 139, Laws of 1885, was to prevent the common practice of a claimant against an estate assigning his claim to another, thereby becoming eligible as a witness, and thus defeating the spirit and intent of the original statute.

   So *held,* where a wife filed a claim against the estate of her husband's deceased brother for board furnished the deceased, and he was allowed to testify in support of such claim, the Court holding that the husband, being the head of the family, was the owner of the claim in the absence of an assignment to his wife, and that the statute is aimed at an assignment *before* as well as *after* the death of the party to be charged.

3. Where in a suit to recover for money claimed to have been paid by a wife for the benefit of her husband's brother, at her husband's request, the ownership of the money paid was put in issue, it being claimed that it really belonged to the brother,—

*Held,* that it was competent to cross-examine the husband fully as to where he obtained the money expended by his wife, and to contradict and impeach his testimony by proof of conflicting statements made by him out of court.

4. Where a wife filed a claim against the estate of her husband's deceased brother for money claimed to have been paid for repairs made on buildings owned by the brothers jointly, and for board furnished the deceased, it being claimed by the opponents of the claim that the money belonged to the deceased,—

*Held,* that evidence of a sale of the real estate of deceased by the husband, who was administrator of his estate, and of its being bid in by the claimant, was competent as bearing on the good faith of claimant and her husband in filing the claim, and their credibility as witnesses.

Error to Wayne. (Jennison, J.) Argued February 10, 1887. Decided April 21, 1887.

Claim filed against estate of deceased person. Allowed in probate and circuit courts, and judgment reversed on error brought by heir, who appealed to circuit court on refusal of administrator. The facts are stated in the opinion.

*Fraser & Gates,* for appellant.

*James H. Pound,* for claimant.

MORSE, J. Claimant was allowed by the commissioners on claims the sum of $1,040.43 against the estate of the deceased. Upon appeal to the circuit by the appellant, who is one of the brothers of deceased, a jury awarded the claimant $917.13. The appellant brings the case here by writ of error.

The name of the deceased was George Stackpole, but the proceedings in the probate court were entitled "*In the matter of the Estate of George Stackable, Deceased.*"

At the time of his death, three lots on Sixteenth street, in the city of Detroit, were held jointly in the name of himself and William Stackpole, his brother and the husband of the claimant. These lots were deeded to them October 30, 1872, for a consideration of $1,800. George Stackpole died intes-

tate and unmarried, in June, 1883, his heirs being five brothers. His brother William, under the name of Stackable, was appointed administrator, November 20, 1883. It is claimed by the other brothers that they had no notice of the proceedings under which William became administrator.

The claim filed by William's wife was for $510 claimed to have been loaned by her to the deceased, $200 for board furnished him, and the balance for completing and repairing houses on the lots owned by deceased and her husband.

The circuit judge allowed the claimant to testify that, at her husband's request, she paid for various improvements and repairs on these houses, and also a paving assessment upon the property, with her own money. This evidence was objected to as incompetent under the statute, inasmuch that, if the deceased was present or knew of the payments, the fact of such payments was equally within his knowledge; and, as there was a claim made that the payments were with the money of deceased in claimant's hands, the fact as to whom the money belonged was also equally within the knowledge of deceased. It is further claimed that there was no evidence that William had any authority to bind his brother by such requests. There was considerable evidence in the case tending to show that in fact the deceased's money bought these lots, and that he sent money from the Black Hills, where he was mining, at various times, to his brother William, and also, while in Detroit, gave his wages to claimant, and that she stated that she had $800 or more of his money in the bank. When some of the payments were made by the claimant, for which she seeks to recover from the estate, it appeared by her own testimony that the deceased was present. The law will not allow her to give evidence as to such payments.

There is no evidence in the record that William had any authority from the deceased to request his wife to repair these buildings, or to repair them himself at the expense of

George. It also appears that some of the buildings were rented, and the claimant received the rent. We do not think she made any case against the estate for these payments.

In regard to the board, in was shown that William was the head of the house, but he claims he gave the board to his wife, and that it was always understood that she should receive the pay for it. His testimony as to the time the deceased boarded at his house, and the amount to be paid for the same, was objected to, as coming within the statute as amended in 1885. Pub. Acts 1885, pp. 156, 157. The court held that he could not be considered an "assignor" under this statute.

The object of the amendment evidently was to prevent the common practice of a claimant against an estate assigning his claim to another, and thereby becoming eligible as a witness, and defeating the spirit and intent of the statute as it stood before such amendment. See How. Stat. § 7545.

It is clear that, without some assignment, this claim for board would belong to the husband, and not to the wife. He was the head of the household, and furnishing the family supplies. There had to be some agreement on his part with his wife that she should receive the pay for the board. The statute is aimed at an assignment before the death of the party against whom the claim exists, as well as to one after his death.

We do not think he was a competent witness in relation to the items for board.

The question being put in issue by the claimant as to the ownership of the money in the hands of the claimant and her husband, we think the counsel for the appellant were entitled to cross-examine William fully as to where he obtained the money used in repairing and completing buildings upon the premises, and to contradict and impeach his testimony by statements made by him out of court in conflict with statements made by him on the trial.

The court should have instructed the jury as requested by appellant's counsel—

1. That there was no evidence that deceased ever requested claimant to pay the paving tax, and that she could not recover therefor.

2. That there was no evidence that deceased ever requested claimant to pay for any of the improvements upon the property, and she therefore could not recover for such improvements.

The court also erred in charging the jury in regard to these two matters at variance with the above requests.

We also think that the evidence of the administrator's sale by William, and the bidding in of the property by claimant at such sale, should have been admitted as bearing upon the good faith of the parties in bringing this claim against the estate, and their credibility as witnesses. The court instructed the jury that there was no legal evidence tending to show that William Stackable and his wife had conspired to cheat and defraud the estate of George Stackable, but refused to permit their acts to be shown in regard to this sale, which, with the other facts in the case, might have had a tendency to show to the minds of the jury something more than a laudable desire to collect an honest claim against the estate of the deceased.

The judgment must be reversed, and a new trial granted, with costs of this Court to the appellant.

The other Justices concurred.