111   213
127   386

### SLACK *v.* NORTON.

1. MARRIED WOMEN—POWER TO CONTRACT.
  A married woman is entitled to the benefits of a contract by
    which she furnished board and care to another, where all of
    the supplies were provided by her, and the arrangement was
    entered into and carried out with the consent of the husband.

2. SAME—WITNESSES—COMPETENCY—MATTERS EQUALLY WITHIN
    KNOWLEDGE OF DECEASED.
  In a proceeding by the wife to enforce such a claim against
    the estate of a decedent, the husband is competent to testify
    to the arrangement made with the deceased, since he does
    not stand to the wife as assignor of the claim, and is there-
    fore not within the statute (3 How. Stat. § 7545) prohibiting
    an assignor from testifying to matters which, if true, were
    equally within the knowledge of the deceased. *Stackable* v.
    *Stackable's Estate,* 65 Mich. 518, distinguished.

Error to St. Joseph; Yaple, J.   Submitted November
10, 1896.   Decided December 18, 1896.

Susan E. Slack presented a claim against the estate of
Henry Slack, deceased, for services rendered decedent
during his lifetime.   The claim was contested by the
administrator, John M. Norton, and was disallowed in
part, whereupon the claimant appealed to the circuit.
From a judgment there for defendant on verdict directed
by the court, claimant brings error.   Reversed.

*S. M. Constantine,* for appellant.

*Alfred Akey,* for appellee.

LONG, C. J.   Claimant presented her claim to the com-
missioners on the estate of Henry Slack, deceased.   She
claimed $252.50, and was allowed $125.   From this
she appealed to the circuit court, where, upon a trial
before a jury, the court directed verdict in favor of

the defendant. The claimant is a married woman. In the spring of 1894, she was living at Vicksburg, keeping boarders. Her husband was a traveling salesman, selling fruit trees. The deceased was the father-in-law of the claimant, and was an invalid, and desired to make his home with her. As to the arrangement between the claimant and the deceased, it was shown upon the trial, by the husband of the claimant, under objection, that the deceased agreed to pay the claimant well for his board and care if he should be permitted to live there; that claimant agreed to take care of him; that he came to her house, and had his board and washing and necessary attendance, and remained there until some time in May of the same year, when he requested the claimant to break up house-keeping, and move down to his place, and take care of him there, and agreed, further, that if she would do so he would pay her well, and it should not cost her anything for house rent or wood; that claimant agreed to this, and the deceased sold off all his household effects, except furnishings for one room, and claimant took charge of the house, and furnished everything, including provisions; that deceased, owing to the nature of his disease, soon commenced to grow worse, and claimant had to have extra help, paying $2.50 a day therefor; that claimant kept an itemized account of the board and of the services rendered to the deceased; and that her husband had nothing whatever to do with it. There is no dispute upon the record that such board and services were rendered, nor of the value thereof. At the close of the testimony, the court was of the opinion that the husband was incompetent as a witness, and struck out his testimony, and found that there was no competent testimony in the cause which would warrant the jury in finding a verdict for the claimant.

On appeal here, counsel for the estate contends that the court was not in error, for the reasons, among others, that the husband is entitled to have his wife's services and earnings, the same as at common law, and to make

such a contract valid as here claimed, so that the wife might recover upon it, there must not only be contract relations between the husband and wife, by which the husband releases all his rights to her time and services, but, also, those relations must be understood by the deceased; that, if the husband agreed with his wife that she should receive compensation for her own services, it would not be binding upon the deceased unless he assented to it; and that, if the contract was made between the deceased and the wife for such services, it would be essential to have the husband's consent. In support of this contention counsel cites *Mason* v. *Dunbar*, 43 Mich. 407 (38 Am. Rep. 201). Counsel contends that, under that case, in order for the claimant to recover, the husband must have relinquished his right or claim to claimant's services, either by assignment or otherwise, before or after her services commenced, and asserts that, if this had been proved by competent evidence, he would concede her right to recover, but that the husband was an incompetent witness under section 7545, 3 How. Stat., and that his testimony should be stricken out, and that therefore there was nothing in the case which warranted a verdict in favor of claimant. The statute cited (Act No. 139, Pub. Acts 1885) is amendatory of the general statute, the words added being "that, whenever the words 'the opposite party' occur in this section, it shall be deemed to include the assignors or assignees of the claim, or any part thereof, in controversy."

In *Stackable* v. *Stackable's Estate*, 65 Mich. 518, the court, referring to this statute, say:

"It is clear that, without some assignment, this claim for board would belong to the husband, and not to the wife. He was the head of the household, and furnished the family supplies. There had to be some agreement on his part with his wife that she should receive the pay for the board. The statute is aimed at an assignment before the death of the party against whom the claim exists, as well as to one after his death."

And it was held in that case that the husband was not a competent witness in relation to the items for board.

In the present case, the wife was permitted by her husband to keep boarders, furnished the provisions herself, and with which it is apparent the husband had nothing to do. In this respect it differed from the *Stackable Case*, and the husband was a competent witness to show that this was the wife's business, and not his own. It is not an action upon an account brought by the wife which has been assigned to her. It is a claim with which the husband had nothing to do, if his testimony given in the case is to be believed. The husband did not stand towards the wife as the assignor of the claim, and therefore was not prohibited by the statute from testifying to any arrangement which the wife made with the deceased for his board and care. Prior to the time of this arrangement between claimant and deceased, she had kept boarders. This seems to have been her business, while the business of the husband was that of a traveling salesman. It has been decided many times in this court that a married woman, with the consent of her husband, may carry on business on her own account, and may be protected in the results thereof, against him and against his creditors, to the same extent as if she were unmarried. *Tillman* v. *Shackleton*, 15 Mich. 447 (93 Am. Dec. 198); *West* v. *Laraway*, 28 Mich. 464. We think the court was in error in holding that the husband, under the circumstances, was not a competent witness, and that the jury should have been instructed that, if they found the contract as claimed by the claimant, they should find a verdict in favor of the claimant, as we think there was sufficient evidence to warrant the submission of that question to the jury.

The judgment must be reversed, and a new trial ordered.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. MOORE, J., did not sit.