ASHLEY *v.* SMITH'S ESTATE.

1. WORK AND LABOR—CLAIM AGAINST DECEDENT'S ESTATE—CON-
TRACT—EVIDENCE—SUFFICIENCY.

On the trial of a claim in behalf of a daughter against her
father's estate for services rendered in caring for him and
her mother, evidence examined, and *held,* that though no
person testified to the terms of a contract made in his pres-
ence between deceased and his daughter, there was testimony
concerning the nature of the illness of the persons cared for,
its duration, the protracted services rendered, the circum-
stances under which they were commenced and continued,
and statements of decedent in relation thereto, from which
the jury might have inferred that claimant's services were
rendered in performance of an agreement to that end, and
sufficient to overcome any presumption that her care was the
natural gratuitous service common between parent and
child.

2. EXECUTORS AND ADMINISTRATORS—CLAIMS—EVIDENCE—ADMIS-
SIBILITY.

On the trial of a claim in behalf of a married woman against
the estate of a deceased person for services rendered, her
husband may be permitted to testify that he gave his consent
that she should perform the services and make the contract
with decedent therefor.

3. HUSBAND AND WIFE — CONTRACT BY WIFE FOR SERVICES—VA-
LIDITY.

Where a husband gave his consent to his wife to her making a
contract to render services to her father, it was not essential
to the validity of the contract that her father should know
she had such consent.

4. WITNESSES—COMPETENCY—TRANSACTIONS WITH PERSONS SINCE
DECEASED.

The son-in-law of a deceased claimant against the estate of her
father, who is also her administrator and whose wife is her
sole heir, is not personally interested in the claim, and may
testify to the condition of the father at a particular time
against the objection that the fact was equally within the
knowledge of the deceased.

Error to Lenawee; Chester, J. Submitted February
26, 1908. (Docket No. 160.) Decided March 31, 1908.

Ira W. Ashley, administrator of the estate of Hattie J. Bugbee, deceased, presented a claim against the estate of Moses B. Smith, deceased, for services rendered. The claim was disallowed by the commissioners, and claimant appealed to the circuit court. There was judgment for claimant, and defendant brings error. Affirmed.

*John L. O'Mealey* and *Smith, Baldwin & Alexander*, for appellant.

*Grant Fellows* and *Bird & Sampson*, for appellee.

HOOKER, J. Moses B. Smith was a farmer, residing near Adrian. His daughter, Harriet, married William Bugbee, who for a time worked Smith's farm, when they removed to a place of their own. About Christmas, 1894, Mrs. Smith was stricken with paralysis, while she and her husband lived upon this farm. Hattie Bugbee was sent for, and remained there two or three weeks, during which time an arrangement is said to have been made whereby Bugbee and his wife, Hattie, and their two children moved to Smith's farm, Bugbee managing it on shares, and Mrs. Bugbee caring for her father and mother. Mrs. Smith was a helpless invalid until her death on January 25, 1896, and Mr. Smith required nursing after January 1, 1898, until December 1, 1902, when Mrs. Bugbee sickened and soon died. After Smith's death Ira Ashley was appointed administrator of the estate of Hattie Bugbee and filed a claim on behalf of said estate against the estate of Smith for Mrs. Bugbee's services. The claim was disallowed by commissioners and upon appeal a jury in the circuit court allowed the claim at $520. It is now before us, having been brought here by the representatives of the estate of Smith.

The questions raised on this record may be grouped as follows:

(1) Was there any evidence that a contract was made between Mrs. Bugbee and her father?

(2) Was there error in the admission of such evidence?
(3) Were there errors in the charge?
(4) Other questions arising upon the trial.

1. Proof of a contract. No witness has testified to the terms of a contract made in his presence between Mrs. Bugbee and her father. If there was such a contract there may have been no one present, or if present, they may have been precluded from testifying by the statute. There is testimony, however, of the nature of the illness of Mr. and Mrs. Smith, its duration, Mrs. Bugbee's protracted services, the circumstances under which they were commenced and continued, and much testimony of statements of Smith in relation thereto from which the jury may have found sufficient to lead them to believe that Mr. and Mrs. Bugbee's occupation of the premises and her care and labor were in performance of an agreement to that end, and to overcome any presumption that her care was the natural gratuitous service common between parent and child. There was evidence from which a jury might reasonably find that both father and daughter understood and expected that compensation would be made for such services. It is unnecessary to be more specific, and sufficient to add that there was evidence for a jury upon this question, if there was no other reason for withholding such questions from the jury.

2. Admission of evidence in support of the claim. This claim was the claim of Mrs. Bugbee. It was maintained by defendant that, being a married woman, she could have no such claim, for the reason that her husband was entitled to her services, and she could not make a contract on her own behalf without his consent. He was called to prove such consent and testified to his consent to his wife that she might make arrangement with her father and mother for caring for them. The many and repeated objections to this were properly overruled. The transaction did not take place in Smith's presence, and was not within his personal knowledge. It is urged by defendant's counsel that such contract would not be good unless Smith did know of this, but we think this point is

not well taken. If she had the right and was competent to make such contract on her part, and he did make it on his, it would bind him whatever he may have thought about it.

3. The charge. Enough has been said to indicate that the judge did not err in refusing to direct a verdict for the defendant. Error is assigned on a large number of requests to charge. Of these, some would be more appropriate in counsel's argument than in a charge, in which a judge is expected to avoid indicating what evidence is particularly important, others were fully and more effectively covered in the charge. Upon the whole, the charge was clear and eminently fair, and much more likely to be understood than as though it had consisted of the requests of counsel. All important points suggested by counsel were covered, and omissions to charge where not requested, if any, do not appear to have been excepted to.

4. Other questions. Mr. Ashley, the administrator, was Mrs. Bugbee's son-in-law, the husband of her daughter, who was her heir. He was asked: "What was the condition of Mr. Smith during the time you knew him?" An objection that this testimony was inadmissible under the statute as equally within the knowledge of the deceased was overruled, and he answered: "Well, I knew him, he was a feeble old man." He then proceeded to narrate conversations with Smith. This was not responsive to the question, but no attempt to stop him was made, nor was there any motion to strike out the testimony. We are of the opinion that this testimony was admissible. The witness had no personal interest in the claim.

It is unnecessary to discuss other assignments as we find nothing in them justifying a reversal or of interest to the profession generally.

The judgment is affirmed.

GRANT, C. J., and MOORE, CARPENTER, and MCALVAY, JJ., concurred.