*In re* DAY'S ESTATE.

EATON *v.* MUDGE.

WITNESSES—HUSBAND AND WIFE—COMPETENCY—ESTATES OF DE-
CEDENT.

In an action against the estate of a deceased person for
services and board, a husband may testify in his wife's
behalf relative to the services performed but not as to
the board, as he is an "assignor" as to the board within
3 Comp. Laws, § 10212 (3 Comp. Laws 1915, § 12553).[1]

Error to Barry; Smith, J. Submitted January 22,
1917. (Docket No. 42.) Decided September 27, 1917.

Theressa Eaton presented a claim against the estate
of Eliza Day, deceased, for services rendered. The
claim was allowed in part by the commissioners, and
Lorenzo Mudge, administrator, appealed to the cir-
cuit court. Judgment for claimant. Defendant brings
error. Affirmed, conditionally.

*Colgrove & Potter,* for appellant.

*Thomas Sullivan,* for appellee.

BIRD, J. Theressa Eaton, the plaintiff herein, pre-
sented a claim against the estate of Eliza Day, her
sister-in-law, for board, care, and incidentals in the
sum of $2,611.95. The commissioners allowed it in
part. An appeal was taken by defendant to the cir-
cuit court, where she recovered a judgment for the
full amount of her claim.

It appears that Eliza Day was an old lady 79 years

[1] Authorities discussing the question as to competency of as-
signor of claim in suit, to testify as to transactions with or
statements by deceased, where not expressly excluded by terms
of statute, see notes in 29 L. R. A. (N. S.) 1179; 42 L. R. A.
(N. S.) 316; L. R. A. 1917A, 2.

of age when she died, and possessed of sufficient property to support herself. She was without family and was living alone when she went to reside with plaintiff. Some time before she was taken into the home of plaintiff, she expressed a desire to go to plaintiff's home and be cared for. Henry Eaton, plaintiff's husband, advised against it at first, but finally yielded, and informed his wife that "if she did take her, she took her on her own responsibility, and whatever she got out of it she might have, and I would have nothing to do with it." Plaintiff assumed the responsibility and took her into the home, boarded, cared for, and nursed her, and furnished certain incidentals for a period of 3 years prior to her death.

Counsel for the estate raises the question that plaintiff could not recover the item of $468 for board because the record shows that the farm on which they lived belonged to Henry Eaton, and that the home was furnished by Henry Eaton, and that if plaintiff has a right to recover for board there must have been an assignment of such right from Henry Eaton to plaintiff. That being so, Henry Eaton was placed in the position of an assignor, and his testimony was incompetent under the statute. That without this testimony there was no proof before the court that plaintiff was entitled to recover for the board.

1. It is settled by authority that as to that part of the claim represented by plaintiff's services, Henry Eaton, her husband, would be a competent witness under the statute to testify in her behalf. This is upon the ground that as to her services he is not an assignor. *Ashley* v. *Smith's Estate,* 152 Mich. 197 (115 N. W. 1052) ; *In re De Spelder's Estate,* 181 Mich. 153 (147 N. W. 589).

But as to that part of the claim which is represented by the board a different rule appears to have been laid down. In *Stackable* v. *Stackable's Estate,* 65 Mich.

515 (32 N. W. 808), a like attempt was made to recover for both services and board. In holding the husband's testimony incompetent under the statute as to the question of board, the court said:

"In regard to the board, it was shown that William was the head of the house, but he claims he gave the board to his wife, and that it was always understood that she should receive the pay for it. His testimony as to the time the deceased boarded at his house, and the amount to be paid for the same, was objected to, as coming within the statute as amended in 1885. Pub. Acts 1885, pp. 156, 157 (Act No. 139). The court held that he could not be considered an 'assignor' under this statute. The object of the amendment evidently was to prevent the common practice of a claimant against an estate assigning his claim to another, and thereby becoming eligible as a witness, and defeating the spirit and intent of the statute as it stood before such amendment. See 2 How. Stat. § 7545. It is clear that, without some assignment, this claim for board would belong to the husband, and not to the wife. He was the head of the household, and furnishing the family supplies. There had to be some agreement on his part with his wife that she should receive the pay for the board. The statute is aimed at an assignment before the death of the party against whom the claim exists, as well as to one after his death. We do not think he was a competent witness in relation to the items for board."

In *Slack* v. *Norton*, 111 Mich. 213 (69 N. W. 497), where a recovery was sought for both services and board, an attempt was made to apply this rule, but the court distinguished the case on the ground that the wife furnished the provisions herself, and therefore held the husband's testimony competent. Later the rule was again applied in *Finn* v. *Sowders' Estate*, 139 Mich. 623 (103 N. W. 177). The rule being established, we must hold in the present case that the testimony of the husband concerning the board was incompetent. This conclusion leaves the case without any

competent proof that the wife was entitled to recover for the board.

Another item allowed by the jury and criticized by appellant was the fee paid the minister for conducting the funeral services. This item was $5.15. Counsel for plaintiff concedes this was not properly a claim against the estate.

We think the remaining assignments are without merit. If plaintiff remits these two items within 30 days from the filing of this opinion, the judgment will stand affirmed. Otherwise it will be reversed and a new trial ordered.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE. BROOKE, and FELLOWS, JJ., concurred.