*In re* SCULLY'S ESTATE.

GALLOWAY *v*. SCULLY.

1. EXECUTORS AND ADMINISTRATORS—PARENT AND CHILD—CLAIM FOR SERVICES—FORMAL CONTRACT NOT NECESSARY.

It is unnecessary, in an action by a child against the estate of a parent for personal services rendered decedent, to show that at a given time before the rendition of the services a formal contract was entered into, on the one part to work and on the other to pay, in order to authorize a recovery.

2. SAME—PARENT AND CHILD—CLAIM FOR SERVICES—EVIDENCE—PRESUMPTIONS.

Where the facts and circumstances attending the performance of work by a child for its parent and in the acceptance are sufficient to rebut the presumption that the services were gratuitous and to authorize the inference that both parties acted upon the understanding that they were to be paid for, the parent is liable for such services.

3. HUSBAND AND WIFE — CLAIM FOR SERVICES — EVIDENCE — SUFFICIENCY.

In an action by a wife against the estate of her father to recover for services rendered to her parent, evidence of the husband that he had no claim whatever to his wife's

services and made none was insufficient to show that at the time the services were rendered the husband had relinquished all right to the wife's services.

4. SAME—CLAIM FOR SERVICES—STATUTES—RETROACTIVE EFFECT.
    Act No. 196, Pub. Acts 1911 (3 Comp. Laws 1915, § 11478), providing that every married woman shall be absolutely entitled to have, hold, own, retain and enjoy any and all earnings acquired as the result of her own personal efforts, and to sell or otherwise dispose of any and all such earnings, and to make contracts in relation thereto the same as if unmarried, is not retroactive.

Error to Washtenaw; Kinne, J. Submitted October 15, 1917. (Docket No. 122.) Decided December 27, 1917.

Mary Galloway presented a claim against the estate of Owen Scully, deceased, for services rendered. The claim was allowed in part by the commissioners, and James Scully and others appealed to the circuit court. Judgment for claimant. Contestants bring error. Reversed.

*A. F. Freeman*, for appellants.

*Cavanaugh & Burke*, for appellee.

KUHN, C. J. The claimant, Mary Galloway, is the daughter of Margaret and Owen Scully, both deceased. She presented a claim against the estate of Owen Scully for services, which consisted of washing done for the family and nursing, caring for and giving attention to her mother between 1913 and 1916, amounting to $624. The claim was allowed by the commissioners on claims at the sum of $500. An appeal was taken to the circuit court by the two brothers and a sister of the claimant, and upon a trial before a jury the claimant was allowed the full amount of her claim and interest, amounting in all to $639.60, on which judgment was duly rendered. A motion for a

new trial was made and denied by the trial court, and counsel here urge 14 assignments of error why the judgment should be reversed.

Counsel first contends that it was necessary to show that an express contract between the parent and daughter exists before the daughter can recover for services rendered by her to the parent. Counsel for appellee, in answering this contention, rely upon the case of *Ashley* v. *Smith's Estate,* 152 Mich. 197 (115 N. W. 1052), also *In re De Spelder's Estate,* 181 Mich. 153 (147 N. W. 589), and *Maynard* v. *Schrumpf's Estate,* 192 Mich. 494 (158 N. W. 845). The rule is clearly stated in these decisions that in this class of cases it is not necessary to show that at a given time before the rendition of the services a formal contract was entered into, on the one part to work and on the other to pay, in order to authorize a recovery. As it was said in *Re Abel's Estate,* 173 Mich. 93 (138 N. W. 325):

"If the facts and circumstances attending the performance of the work and in its acceptance are sufficient to rebut the presumption that the services were gratuitous, and to authorize the inference that both parties acted under the understanding that they were to be paid for, the parent is liable."

The difficulty with this case, however, is that the record does not satisfactorily show that at the time the claimed services were rendered the husband had relinquished his right to her services. The only testimony in the record on this point was when the husband was permitted to testify upon the stand:

"I have no claim whatever to my wife's services; I don't claim any whatever."

In the case of *Ashley* v. *Smith's Estate, supra,* an examination of the record discloses that the husband of Mrs. Bugbee, who rendered the services, was called to the stand to prove his consent to the services being

rendered, and after repeated objections on the part of counsel, he was permitted to testify to having given his consent to his wife to make the arrangement for her services. Likewise in the case of *In re De Spelder's Estate, supra,* it appears from the opinion by Mr. Justice STONE that the husband there, previous to the services being rendered, consented that his wife might have the fruits of her labor. It was there said:

"It will be noted in the testimony that almost immediately upon the arrival of claimant and her husband from Grand Rapids, and before any definite arrangement had been made, the contract testified to by the husband was entered into between claimant and decedent, and that upon the same evening he consented to the arrangement and told his wife that she might have the fruits of her labor in that regard. We think that the case is governed by the doctrine of this court in *Slack* v. *Norton,* 111 Mich. 213 (69 N. W. 497). It was there held that a married woman is entitled to the benefits of a contract by which she furnished board and care to another, where all the supplies were provided by her and the arrangement was entered into and carried out with the consent of the husband; that in a proceeding by the wife to enforce such a claim against the estate of a decedent the husband is competent to testify to the arrangement made with the deceased, since he does not stand to the wife as assignor of the claim, and is therefore not within the statute prohibiting the assignor from testifying to matters, which, if true, were equally within the knowledge of the deceased."

Here no such testimony was introduced, and the only testimony is the claim or assertion made for the first time in court, after the claim is in contest, of the fact that he now makes no claim for his wife's services. We do not think this was sufficient. In order that his testimony might properly be received, it should have been made to appear that at the time the services were performed, or the agreement to perform them was entered into, he gave his consent to her to

make an arrangement for her services, and thus relinquished his right to her services. This not having been made to appear, the court should have sustained the objection seasonably made as to the introduction of the husband's testimony. As upon this record he was entitled to his wife's services at the time they were rendered, the court should have directed a verdict against her claim on that ground.

Counsel for appellee also refer to Act No. 196, Public Acts of 1911 (3 Comp. Laws 1915, § 11478), which provides:

"Each and every married woman in the State of Michigan shall be absolutely entitled to have, hold, own, retain and enjoy any and all earnings acquired by any such married woman as the result of her personal efforts; and to sell or otherwise dispose of any and all such earnings, and to make contracts in relation thereto to the same extent that any such married woman could have or do if unmarried."

Clearly this statute cannot be made to apply to this claim, as the contract in question is claimed to have been made in 1906, when claimant and her husband came to live with her parents. The statute cannot be made to be retroactive in effect.

It will be unnecessary to consider the assignments of error with reference to the denial of motion for new trial, for the reason that, upon this record, we are satisfied that because of the insufficiency of proof on the part of claimant to prosecute this claim, the judgment must be reversed, and a new trial granted, with costs to the appellants.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.