In re BURNHAM'S ESTATE.

BRACKETT'S ESTATE v. BURNHAM'S ESTATE.

TRIAL—REMARKS BY COURT—APPEAL AND ERROR.

Where, on the retrial of a case involving a claim against the estate of a deceased person, plaintiff's witness had testified to a material fact lacking in the former trial, and defendant's counsel, in an effort to impeach her, claimed that her memory was not the best evidence, a remark by the court that the only official record that would bind her was the paper she signed; that the stenographer's minutes might be the official record, but they are not binding; that the court even was not bound by them if he recollected the testimony differently; *held*, not reversible error, where the witness did not contradict her former testimony, but testified to further statements made by deceased; her assertion that she had not been interrogated relative to such statements was not specifically denied; and the stenographer was not a witness nor were his minutes in evidence.

Error to Kalamazoo; Chester (Guy M.), J., presiding. Submitted October 19, 1922. (Docket No. 177.) Decided December 29, 1922.

Anna C. Brackett presented a claim against the estate of Chauncey Burnham, deceased, for services rendered. The claim was disallowed by the commissioners, and claimant appealed to the circuit court. On the death of claimant, the appeal was prosecuted in the name of William A. Brackett, executor. Judgment for claimant. Defendant brings error. Affirmed.

*Lincoln H. Titus*, for appellant.

*Alfred S. Frost* and *Corwin & Norcross*, for appellee.

CLARK, J. The claim is for various services by Anna C. Brackett, a married woman, to Chauncey Burnham, deceased, covering a period from March, 1906, to November, 1914. The case is here a third time. A judgment for plaintiff in the sum of $1,727.65 was reversed, 199 Mich. 326, because of including im-

proper matters in her claim as submitted to the jury. A judgment for plaintiff in the sum of $1,302.36 was reversed, 207 Mich. 361 (9 A. L. R. 1299), because there was no evidence to show that the deceased, Chauncey Burnham, knew that Mrs. Brackett had been emancipated or knew of the claimed arrangement between her and her husband, William A. Brackett, who now prosecutes the claim as her executor, that she might have what she earned, or knew that contract relations between himself and Mrs. Brackett existed.

To the facts stated in former opinions we may add that on this trial plaintiff had testimony which cured the infirmity which necessitated the second reversal. While a witness who supplied a part of such testimony was on the stand, and after she had been cross-examined respecting her testimony at a former trial, counsel for plaintiff on re-direct sought to show that she had not been questioned on the particular subject at such former trial. In response to repeated objections of defendant's counsel that the witness' memory of the former testimony was not the best evidence the court said:

"The only official record that will bind her is a paper she signed. Did she sign any paper? The stenographer's minutes may be the official record but they are not binding. The court is not even bound by the stenographer's minutes if he recollects the testimony different."

Plaintiff had verdict and judgment for $1,624.50, including interest. Defendant brings error. Several questions presented are disposed of by the former opinions which are the law of the case.

It is urged that the remark of the court above quoted was prejudicial and hindered defendant's efforts to impeach an important witness by her former testimony. The witness did not contradict her former testimony. She testified of further statements made by the deceased. Her assertion that she had not been particularly interrogated relative to such statements

was not specifically denied. The stenographer was not a witness nor were his notes in evidence. Whether or not the remark was correct in law (see 22 C. J. p. 440; *Garaszewski* v. *Wurm*, 204 Mich. 227), we need not determine, being of the opinion that in either event it does not warrant reversal.

The charge is criticized, but we think the criticism does not merit discussion. The charge as a whole fully protected the rights of defendant. We have considered the other questions raised. No reversible error is found.

Judgment affirmed.

FELLOWS, C. J., and WIEST, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.