### WERNER *v.* WEGUSEN.

1. MOTOR VEHICLES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — GUEST.
    In action by guest against driver of automobile colliding with automobile in which she was riding, trial court properly instructed jury that, in order to recover, plaintiff must show that driver of car in which she was riding was free from negligence, and that defendant was negligent.

2. HUSBAND AND WIFE—WIFE MAY RECOVER FOR LOSS OF EARNINGS WITHOUT PROVING ASSIGNMENT FROM HUSBAND.
    Wife may recover for loss of earnings in business, due to personal injury, in her own name, without alleging or proving assignment of right thereto from her husband (3 Comp. Laws 1915, § 11478).

3. DAMAGES—EXCESSIVE VERDICT—REMITTITUR—APPEAL AND ERROR.
    Where trial court granted new trial unless verdict of $10,000 for personal injuries be remitted to $5,000 within certain time, and plaintiff filed remittitur, judgment for latter amount is affirmed, on review.

Error to Kent; Brown (William B.), J. Submitted June 11, 1930. (Docket No. 121, Calendar No. 34,971.) Decided October 28, 1930.

As to right of wife to sue for personal injuries to husband, see annotation in 40 L. R. A. (N. S.) 236.

Case by Frances. Werner against Louis Wegusen and Henry W. Davis for personal injuries and loss of income. From judgment for plaintiff against defendant Davis, plaintiff and defendant Davis bring error. Affirmed.

*Joseph R. Gillard* (*George S. Baldwin,* of counsel), for plaintiff. ·

*Rodgers & Dunn,* for defendant Wegusen.

*Mason, Alexander & McCaslin* (*Clifford A. Mitts, Jr.,* and *William J. Landman,* of counsel), for defendant Davis.

POTTER, J. Plaintiff, a married woman, riding with the defendant Wegusen in Grand Rapids as his guest, was injured when his automobile was overturned by collision, at a street intersection, with an automobile driven by defendant Davis. Plaintiff sued defendants. At the conclusion of the testimony defendant Wegusen renewed a motion, previously made, for a directed verdict based upon section 29, Act No. 19, Pub. Acts 1929 (amending 1 Comp. Laws 1915, § 4825), which provides:

"That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident"

—except in cases caused by gross negligence or wanton misconduct of the owner or operator contributing to the injury. This motion was granted. Defendant Davis also made a motion for a directed verdict in his favor on the ground Wegusen's negligence, imputed to plaintiff, contributed to her injury

and barred recovery against defendant Davis. This motion, upon consideration by the trial court, was overruled, and the court charged the jury:

"The passenger must show that whoever was driving the car was not negligent. The negligence of Wegusen would be imputed to Mrs. Werner in this case, so in order to show that she was free from negligence here, there is no evidence to show that she had anything to do with driving Wegusen's car and was guilty of any conduct that aided in or added to his being guilty of negligence—in order for her to be free from negligence she must show that Wegusen was driving in a careful and prudent manner at the time he was crossing this intersection. If she shows that Wegusen was not guilty of any negligence in the manner in which he drove across that intersection, that is, if that testimony preponderates in her favor, and if she has established that Davis was guilty of negligence, the proximate cause of the accident, then she is entitled to recover. If she has failed to show either one of these issues by evidence which preponderates in her favor, then she is not entitled to recover."

The charge was a correct statement of the law and the testimony supports it.

The jury rendered a verdict in favor of plaintiff and against defendant Davis of $10,000. The trial court, on motion of defendant Davis, entered an order granting a new trial unless, within a specified time, plaintiff elected to take judgment for $5,000. Both plaintiff and defendant Davis bring error.

There was ample evidence to sustain the judgment, and no reversible error in the trial.

Defendant claims in substance the wife's services belong to her husband and in order to maintain an action for loss of earnings she must allege and prove an assignment to her of them from him.

Section 11478, 3 Comp. Laws 1915, provides:

"Each and every married woman in the State of Michigan shall be absolutely entitled to have, hold, own, retain and enjoy any and all earnings acquired by any such married woman as the result of her personal efforts; and to sell or otherwise dispose of any and all such earnings, and to make contracts in relation thereto to the same extent that any such married woman could have or do if unmarried."

Section 11470, 3 Comp. Laws 1915, provides:

"When any married woman shall come from any other State or country into this State, without her husband, he having never lived with her in this State, she may transact business, make contracts, and commence, prosecute and defend suits in her own name, and dispose of her property which may be found in this State, or which she may acquire, in like manner, in all respects, as if she were unmarried."

This court, as early as *Tillman* v. *Shackleton*, 15 Mich. 447 (93 Am. Dec. 198), said:

"The rule which they establish is one of general capacity to own property, and to make valid contracts, binding at law and in equity, in relation to it; and I discover nothing in the statute which so limits that capacity as to prevent her making the first acquisition any more than any subsequent one, on credit."

In *West* v. *Laraway*, 28 Mich. 464, it is said:

"The whole purpose of our present system was to remove the wife's disabilities in regard to property, and put her as to that upon the same footing as if she were unmarried. She contracts on that footing when she contracts at all, and she disposes of her property on the same basis. * * * In all of her contracts and dispositions of property, and in all

suits arising out of them, she is to be treated as a *feme sole.*"

In *Ashley* v. *Smith's Est.*, 152 Mich. 197, a married woman presented a claim against the estate of a deceased person for personal services. It was contended she could have no such claim because the services belonged to her husband and she could make no contract without his consent. The husband was called to prove that consent. She was held entitled to recover.

In *Re Day's Estate*, 197 Mich. 604, where a married woman presented a claim against the estate of a deceased person for personal services, it is said:

"It is settled by authority that as to that part of the claim represented by plaintiff's services, Henry Eaton, her husband, would be a competent witness under the statute to testify in her behalf. This is upon the ground that as to her services he is not an assignor."

A wife may recover for loss of earnings in business, due to personal injury, in her own name, without alleging or proving an assignment of the right thereto from her husband.

After the trial court entered the order complained of, plaintiff filed an election to accept the judgment of $5,000, which is hereby affirmed, with costs.

BUTZEL, CLARK, SHARPE, NORTH, and FEAD, JJ., concurred. WIEST, C. J., and McDONALD, J., concurred in the result.